```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
NICOLE BROGDEN,                   :
                Plaintiff,        :   REPORT & RECOMMENDATION
         -against-                :   12 Civ. 1204 (WHP)(MHD)
                                  :
ALEX BIZE and CONTEMPORARY        :
STREETWEAR LLC d/b/a/ CAVI INC.,  :
                Defendants.       :
---------------------------------x
```

TO THE HONORABLE WILLIAM H. PAULEY, U.S.D.J.:

Plaintiff Nicole Brogden commenced this lawsuit against her former employer Contemporary Streetwear LLC and its principal Alex Bize, asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and the New York Labor Law § 198 et seq., for non-payment of wages, failure to pay minimum wages and retaliation. Mize has appeared by counsel and filed an answer; Contemporary Streetwear has not.

Plaintiff has now moved for entry of a default judgment against Contemporary Streetwear LLC, seeking an award of $274,378.00. The defaulting defendant has not been heard from in response. For the reasons that follow, we recommend entry of a default but deferral of an award of damages until the conclusion of proceedings against co-defendant Bize.

1

Prior Proceedings

Plaintiff filed this suit on February 16, 2012. She served Contemporary Streetwear on August 13, 2012 by delivering copies of the summons and complaint to the New York Secretary of State. As for defendant Bize, he was personally served earlier, on July 12, 2012. (Aff. of Russell S. Moriarty, Esq., dated Mar. 8, 2013 (Dkt. No. 22) ("Moriarty Aff.") at ¶ 5). As documented by the Clerk's Certificate, Contemporary Streetwear has never filed an answer or other response to the complaint although its time to do so has long since passed. (Id. at Ex. D).

Defendant Bize, who is represented by counsel, did file an answer to the complaint on February 14, 2013. (See Answer, dated Feb. 14, 2013 (Dkt. No. 12)). The plaintiff and Bize subsequently consented to my jurisdiction pursuant to 28 U.S.C. § 636(c). (Consent to Jurisdiction by Magistrate Judge, dated March 5, 2013 (Dkt. No. 20)).[1]

---

[1] Although plaintiff and defendant Bize consented to my jurisdiction, Contemporary Streetwear, as a defaulting party, has never done so. Accordingly we are embodying our default-motion decision in the form of a Report and Recommendation. See Mark I, Inc. v. Gruber, 38 F.3d 369, 370 (7th Cir. 1994); New York Chinese TV Programs, Inc. v. U.E. Enters., Inc., 996 F.2d 21, 25 (2d Cir. 1993).

2

In view of the failure of Contemporary Streetwear to respond to the complaint, plaintiff filed the current motion for a default judgment on March 13, 2013. By our scheduling order dated April 1, 2013, Streetwear was given the opportunity to file opposing papers by April 9, 2013. (<u>See</u> Order, dated April 1, 2013 (Dkt. No. 26)). Not surprisingly, none has been filed. Moreover, the copy of our order sent to the last known address of Streetwear was returned to us, indicating that the company may no longer be in business.[2]

## ANALYSIS

Insofar as plaintiff seeks entry of a default, that relief is appropriate. Contemporary Streetwear was served by way of the New York Secretary of State, which it had designated as an authorized agent for service of process. Its time to respond to the complaint

---

[2] An internet search confirmed that 205 West 39th Street was indeed the last listed address of Streetwear. <u>See</u>, <u>e.g.</u>, http://www.manta.com/c/mttl8yh/contemporary-streetwear-llc, last visited Apr. 23, 2013; http://companies.findthecompany.com/l/17720337/Contemporary-Streetwear-Llc-in-New-York-NY, last visited Apr. 23, 2013. We note that the address that the Secretary of State had on file for this company was simply the office of an attorney, to which we are sending a copy of this Report and Recommendation to ensure a last opportunity for defendant to be heard. <u>See</u> http://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_nameid=3724152&p_corpid=3716983&p_entity_name=Contemporary%20Streetwear%20LLC&p_name_type=A&p_search_type=BEGINS&p_srch_results_page=0, last visited Apr. 23, 2013.

3

expired in early September 2012, and it has never been heard from. Under these circumstances, there is no practical alternative to entry of a default under Rule 55.[3]

There remains the question of whether entry of judgement awarding the specific relief sought by plaintiff is appropriate at this stage. We conclude for two reasons that it is not.

On the first point, we note that the effect of a default is to establish the truth of "all well pleaded allegations of liability", but "it is not considered an admission of damages." Cement & Concrete Workers Dist. Council v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)(quoting Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "Damages that are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding." Greyhound, 873 F.2d at 158. As the Second Circuit recently noted, "There must be an evidentiary basis for the damages sought by the plaintiff, and a

---

[3] We note also that an entity such as Contemporary Streetwear cannot represent itself in litigation, and that failure to retain counsel for this purpose equally triggers the need for entry of a default. See, e.g., Rowland v. Calif. Men's Colony, 506 U.S. 194, 202 (1993); Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007).

4

district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." <u>Cement & Concrete Workers</u>, 699 F.3d at 234 (citing <u>inter alia</u> <u>Fustok v. ContiCommodity Servs., Inc.</u>, 873 F.2d 38, 40 (2d Cir. 1989)).

In this case plaintiff seeks by her motion an award of a variety of sums, including unpaid wages, unpaid minimum wages, liquidated damages under both federal and state law, retaliation damages, retaliation liquidated damages, punitive damages under federal law, and attorney's fees.[4] These categories do not amount to sums certain that may be awarded without an inquest, and in any event plaintiff fails to provide sufficient documentation on her motion to justify the amounts that she claims under each category. Indeed, all she does is to proffer, without further explanation, what her counsel describes as her pay records for the period January 1 to April 15, 2011. (Moriarty Aff. ¶ 11 & Ex. C). This is an insufficient basis to calculate any of the categories of unpaid or underpaid wages or retaliation damages, and is necessarily insufficient to determine liquidated damages. The record is also

---

[4] Plaintiff also seeks costs and interest. (<u>See</u> Pl.'s Mem. of Law in Supp. of Mot. For Default J., dated Mar. 13, 2013 (Dkt. No. 24) ("Pl.'s Mem.") at 1).

5

silent on the factual basis for awarding any amount of punitive damages, much less the amount sought by plaintiff. Finally, plaintiff fails to proffer contemporaneous time records for her attorney-fee demand, an omission that precludes any award at this point. See, e.g., Scott v. City of New York, 643 F.3d 56, 57-59 (2d Cir. 2011).

As for the second obstacle to entry of judgment at this stage, we note that defendant Bize is still active in this case, and that plaintiff seeks to impose what amounts to joint or joint and several liability on the two defendants. In that circumstance, we deem it premature to enter a judgment that would award plaintiff specified amounts from the defaulting defendant before a determination as to liability and relief is obtained with respect to the active defendant. See, e.g., United States v. First Funds LLC, 2012 WL 1415327, at *2 (S.D.N.Y. Apr. 20, 2012)(citing cases). The underlying policy is to avoid inconsistent judgments, and although a showing of a need to enforce a judgment promptly against one of the parties may justify an early inquest, see id. at *3 (discussing Int'l Gemological Institute Inc. v. Rafaeil, 2005 WL 3880222, at *2-3 (S.D.N.Y. Aug. 17, 2005)), that does not seem to be a factor here, as the defaulting party may well be defunct.

6

## CONCLUSION

For the reasons stated, we recommend that plaintiff's motion be granted to the extent of authorizing the entry of a default, but denied insofar as plaintiff seeks entry of a judgment ordering specific relief.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable William H. Pauley, Room 2210, 500 Pearl Street, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Dated: New York, New York
       April 23, 2013

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE


Copies of this Report & Recommendation are being mailed today to:

Russell S. Moriarty, Esq.
Levine & Blit, PLLC
Fax: (212) 967-3010

Joshua T. Reitzas, Esq.
Berlandi Nussbaum & Reitzas LLP
Fax: (646) 461-2312

Contemporary Streetwear LLC
205 West 39th Street
5th Floor
New York, New York 10018

Philip E. Klein, Esq.
Contemporary Streetwear LLC
C/O Klein & Liss LLP
470 Park Ave. South, 12th Floor
New York, NY 10016